## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY C. ROBISON, | : | Case No. 2:24-cv-3219 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| BEAU D. WENGER, *et al*., | : | |
| | : | |
| Respondents. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for a writ of habeas corpus in this Court.  (Doc. 1).[1]  At the time he filed the petition, state-court charges were pending against him in the Franklin County Court of Common Pleas, Case Numbers 21-CR-4129, 22-CR-2593, and 23-CR-1861.  (*See* Doc. 1, at PageID 1-2).  However, based on a review of the Franklin County Clerk of Court online docket records, it appeared that petitioner had been convicted by guilty plea since filing the petition.[2]  It also appeared that petitioner had not filed a timely appeal, pursued a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A), or pursued any other state collateral relief to exhaust his claims, as required under 28 U.S.C. 2254.  (*See* Doc. 6, at PageID 4-5).

---

[1] The petition was initially filed in the United States District Court for the District of Columbia, before being transferred to this Court on June 13, 2024.  (*See* Doc. 5).

[2] *See* https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?Mr0M93cTu7lzKDVPs8Xi , searched under petitioner's name and state-court Case Nos. 21-CR-4129, 22-CR-2593, and 23-CR-1861.   This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Accordingly, on June 26, 2024, the undersigned issued an Order for petitioner to show cause why this action was not subject to dismissal for lack of exhaustion.   (Doc. 6, at PageID 5).   Petitioner was ordered to show cause within thirty (30) days and was advised that failure to respond to the Order within thirty days would result in the dismissal of this case for want of prosecution. (*Id.*).   To date, more than thirty days after the June 26, 2024 Order to Show Cause, petitioner has failed to comply with the Order of the Court.[3]

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962).   Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's June 26, 2024 Order.   *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution.   In light of this recommendation, it is further **RECOMMENDED**

---

[3]Upon initiating this action, petitioner was located at the Franklin County Correctional Center. Based on the Ohio Department of Rehabilitation and Correction website, it appeared that petitioner had been transferred to the Lebanon Correctional Institution at the time of the Order to Show Cause.   The Clerk of Court therefore mailed the Order to petitioner at both facilities.   Petitioner has not responded or provided the Court with a new mailing address as required by this Court's rules.   *See* S.D. Ohio Guide for Pro Se Civ. Litigants 14 (Feb. 13, 2017) (providing that failure to keep Court informed of changes to address may result in dismissal of case for lack of prosecution). *See also Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)) (providing that a litigant has an affirmative duty to keep the Court apprised of any changes to their address).

that petitioner's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


August 27, 2024                                                    *s/ Elizabeth A. Preston Deavers*
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge

3